Dear Mr. Landry:
You requested a clarification of Attorney General Opinion No. 06-0204 regarding the proceeds of a ¼ % sales and use tax that is currently being levied in Iberia Parish. You question whether the Iberia Parish Mosquito Control Board ("Board") can establish line items within their budgets, such as capital improvements or emergency spraying, and whether the Board would be required to reduce those budget accounts to zero balances at the end of each fiscal year. You indicate that such allocations of a budget are necessary to pay the cost of maintaining and operating the mosquito control program.
As indicated in our original opinion, the renewal proposition was as follows:
 PROPOSITION (SALES TAX RENEWAL) SUMMARY: AUTHORITY TO RENEW A ¼ % SALES TAX FOR 10 YEARS WITH THE PROCEEDS TO BE USED AS FOLLOWS: (1) TO PAY THE COST OF MAINTAINING AND OPERATING A PARISHWIDE MOSQUITO CONTROL PROGRAM, INCLUDING THE COST OF ACQUIRING LAND, BUILDINGS AND EQUIPMENT NECESSARY IN CONNECTION THEREWITH; AND (2) THE BALANCE OF THE PROCEEDS TO BE DIVIDED ANNUALLY ON OR BEFORE MAY 1ST OF EACH YEAR, BETWEEN THE PARISH AND THE INCORPORATED MUNICIPALITIES OF THE PARISH ON A PER CAPITA BASIS ACCORDING TO THE 2000 U. S. CENSUS, FOR THE PURPOSE OF CONSTRUCTING, ACQUIRING AND IMPROVING DRAINAGE FACILITIES; WITH AUTHORITY TO FUND THEIR RESPECTIVE PROCEEDS INTO BONDS FOR PAYING THE COST OF THE AFORESAID CAPITAL IMPROVEMENTS.
 Shall the Parish of Iberia, State of Louisiana (the "Parish") under the provisions of Article VI, Section 29 of the Constitution of the State of Louisiana of 1974, and other constitutional and statutory authority supplemental thereto, be authorized to continue to levy and collect a tax of one-fourth of one percent (1/4%) (the "Tax") upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services in the Parish, all as presently defined in La. R.S. 47:301 through 47:317, for a period of ten (10) years from August 1, 2003, with the proceeds of the Tax (after paying the costs of collecting and administering the Tax), to be used as follows:
 1. to pay the cost of maintaining and operating a Parishwide mosquito control program, including the cost of acquiring land, buildings and equipment necessary therefore; and
 2. The balance of the proceeds to be divided annually on or before May 1st of each year, between the Parish and the incorporated municipalities of the Parish on a per capita basis according to the 2000 U. S. Census, for the purpose of constructing, acquiring and improving drainage facilities; and further, shall the Parish and the municipalities in the Parish be authorized to fund their respective proceeds of the Tax into bonds to pay the cost of the aforesaid capital improvements to the extent and in the manner permitted by the laws of Louisiana, including Sub-Part F, Part III, Chapter 4, Title 39 of the Louisiana Revised Statutes of 1950, as amended?
In preparing their budget, the Board may establish any line item they feel is necessary and appropriate for maintaining and operating the mosquito control program. This can include budget items for capital improvements and emergency spraying. As to whether these budget accounts must be reduced to zero balances at the end of each fiscal year, we must look at each of the proposed accounts separately.
First, we point out that the proceeds of the sales tax must be used as set forth in the proposal, which is "to pay the cost of maintaining and operating" the mosquito control program. There may, at times, be a need for emergency spraying, and the Board should certainly consider budgeting for such occurrences. However, to the extent there are emergency spraying funds remaining at the end of the fiscal year, those funds do not constitute a cost of maintaining and operating the mosquito program for that year. The proposition specifically provides that the balance of funds is to be distributed to the Parish and municipalities on a yearly basis. Thus, it is our opinion that any emergency spraying funds (or other type of contingency funds) must be turned over to the Parish and municipalities.
As for the capital account, we reach a different conclusion. As previously stated, the proceeds of the tax must be used to pay the costs of maintaining and operating the mosquito control program. These costs specifically include "the cost of acquiring land, buildings and equipment necessary therefore". As you have indicated, the Board must accumulate funds in order to purchase land, buildings, planes and other capital assets. We must interpret the proposition as to give it effect and purpose. State v. Union Tank Car Company, 439 So.2d 377, 382
(La. 1983). In order to give effect to the entire proposition, the Board must be allowed to carry over funds budgeted for acquiring land, buildings and equipment. Therefore, it is our opinion that capital budget accounts do not have to be zeroed out at the end of the fiscal year, and funds budgeted for capital acquisitions do not have to be turned over to the Parish and municipalities.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________________ KENNETH L. ROCHE, III Assistant Attorney General
CCF, JR/KLR, III/crt